UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JUAN MENDOZA CASTILLO, et als.,**
Plaintiffs

v.                                                                     **CIVIL NO. 05-1423(DRD)**

**PASTELERIA CIDRINES, INC., et als.,**
Defendants

### ORDER

Pending before the Court is plaintiffs' *Motion Requesting Entry of Default*. (Docket No. 6). Through said motion, plaintiffs move the Court to enter default against the instant defendants due to their failure to answer the complaint.

In the instant case, once summoned, defendants were to answer the complaint or otherwise plead on or before June 7, 2005. On said date, instead of filing an answer to the complaint, defendants requested the Court grant them an additional twenty (20) days to comply with their duty pursuant to them not having been able to conclude the necessary inquiries and investigations. (Docket No. 3). The Court, in its good will, granted their request and allowed them until the 27th day of June of 2005 to file their answer or otherwise plead. Relaying the same reasoning as before, they, once again on the day the deadline was to expire, requested an additional fifteen (15) days to file their answer or responsive pleading. (Docket No. 5). Finally, **without** the Court having either granted or denied their petition, defendants proceeded to file their answer to the complaint on July 8, 2005 – eleven (11) days **after** the date in which the Court had ordered them to file.

The purpose behind the Fed.R.Civ.P. providing the remedy of default and default judgment is to ensure that defendants promptly respond when a lawsuit has been brought forth against them. They are significant weapons for enforcing compliance with the rules of procedure and facilitate the speedy determination of controversies amongst parties. *See* Wright, Miller & Kane, Federal Practice & Procedure § 2693 (1998). This is the reason why, once the Court enters default, it may only set it aside upon a showing of good cause. Furthermore, it is within the court's sound discretion whether said good cause warrants setting aside an entry of default. *See* United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d 994, 997 (1st Cir. 1989). Finally, the entry of default pursuant to Fed.R.Civ.P. 55(a) is an interlocutory order entered in anticipation of a final judgment which, in turn, formally recognizes a party's failure to plead or otherwise defend as provided by the Rules. *See* United States v. $23,000 in United States Currency, 356 F.3d 157 (1st Cir. 2004).

The Court is well aware that an entry of default is appropriate at this point in the proceedings due to defendants not having filed an answer or other responsive pleading on or before June 27, 2005, and having erroneously assumed that the Court would grant its second request for an extension of time. Notwithstanding, the Court now **reluctantly grants** defendant's second motion for

extension of time (Docket No. 5), and accepts their late tendered answer to the complaint (Docket No. 8).

The Court simply states that, at this time, the policy of seeing the case on the merits overrides.  *See* Cintron Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522 (1st Cir. 2002) (and cases cited therein).  The Court further notes that defendants have alleged a strong defense (economic reasons, among others) to the underlying facts leading to the alleged discrimination by defendants due to age.  Moreover, it is alleged that other executives also suffered the decrease in bonuses and other fringe benefits alleged as discriminatory facts.  Furthermore, the Court takes this opportunity to **EMPHATICALLY WARN** defendant that its failure to comply with any succeeding Court order will **immediately** result in this Court entering **DEFAULT.**  In other words, after, in the spirit of fairness having authorized the filing of this belated answer to the complaint, the Court **will not tolerate** further delays and failures to comply.  Finally, all parties are clearly **FOREWARNED** that **NO EXTENSIONS WILL BE GRANTED ON ANY MATTER HERETOFORE** unless a certified showing of good cause has been proffered.  *See* O'Connell v. Hyatt, 357 F.3d 152, 154 (1st Cir. 2004);  Chamorro v. Puerto  Rican Cars INC, 304, F.3d 1, 5 (1st Cir. 2002).   The Court does not have the "obligation to play nursemaid to indifferent parties," and will not hesitate to impose the warranted sanctions.  *See* Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990).

Accordingly, plaintiff's motion for entry of default (Docket No. 6) is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico on this 21st day of July of 2005.

    s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**